U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 27 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **Daniel Tummins** | CIVIL ACTION NO. 05-2204 |
| VS. | SECTION P |
| **Fredrick Manifee** | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner **Daniel Tummins** on December 19, 2005. Petitioner is incarcerated at the United States Penitentiary Pollock, Pollock, La.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Facts

Plaintiff was sentenced on November 10, 2004 to a fifteen month term of imprisonment pursuant to a parole violation. On April 6, 2005, plainitiff was sentenced to sixty months on drug related charges to run concurrent with the 15 month BOP sentence on November 10, 2004, for parole violation. As a result of the sentencing structure, the plaintiff began serving the 15-month sentence on the date it was imposed, November 10, 2004. Once the 60-month sentence was imposed, his sentences were aggregated to form a single sentence of 64 months, 27 days.

Plainitff contends that the government promised he would receive credit on the new sentence for all time spent in jail prior to the sentence being imposed. Therefore, the government has failed to calculate his sentence correctly.

**Law and analysis**

Pursuant to title 18:3584 (c), multiple terms of imprisonment ordered to run concurrent shall be treated, for administrative purposes as a single aggregate term of imprisonment. Additionally, a sentence cannot commence before it is imposed; therefore, the earliest the 60-month sentence can commence is April 6, 2005. The difference between the full term dates of the first and second sentence RFTDs is 1516 days. The difference in the two (2) sentences is referred to as a concurrent overlap. As a result, plaintiff's total sentence is 15 months 1516 or five years 4 months and 27 days.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response

to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____March_____, 2005.

JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**